# IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

JAMES MARABLE             :        CIVIL ACTION
                                  :

        v.                   :        NO.  08-5447
                                  :

MICHAEL J. ASTRUE,          :
Commissioner of Social Security    :

## MEMORANDUM

LOWELL A. REED, Jr., Sr. J                           DECEMBER 10, 2009

Upon consideration of the brief in support of request for review filed by plaintiff

(Doc. Nos. 11 and 12), defendant's response thereto (Doc. No. 14), and plaintiff's reply (Doc.

No. 15), the court makes the following findings and conclusions:

       1.      On August 19, 2004, James Marable ("Marable"), filed for disability
insurance benefits ("DIB") and supplemental security income ("SSI") under Titles II and XVI
respectively of the Social Security Act, 42 U.S.C. §§ 401-433; 1381-1383f, alleging an onset date
of September 19, 2003.  (Tr. 29 ¶ 1).[1]  Throughout the administrative process, including an
administrative hearing held on February 2, 2007 before an ALJ, Marable's claims were denied.
(Tr. 29-41; 60-94).  After the Appeals Council denied review, pursuant to 42 U.S.C. § 405(g),
Marable filed his complaint in this court on November 20, 2008.  (Tr. 5-8; Doc. No. 3).

       2.      In his June 28, 2007 decision, the ALJ concluded, *inter alia*, that Marable:
(1) had severe impairments consisting of chronic obstructive pulmonary disease ("COPD"),
hypertension, hepititis C, partial amputation of the right index finger, and schizoaffective
disorder; (2) his impairments did not meet or equal a listing, including 3.02A-C for COPD; (3)
he had the residual functional capacity ("RFC") for a restricted range of light work; (4) he could
perform a significant number of jobs in the regional and national economies; and (5) he was not
disabled.  (Tr. 32 Findings 3 & 4; 32 ¶¶ 4-5; 35 Finding 5; 40 Finding 10; 41 Finding 11).

       3.      Marable contends, *inter alia*, that he submitted new and material evidence
to the Appeals Council which should be considered by the ALJ.  I concur.  When a claimant
seeks to rely on evidence that was not before the ALJ, the district court may remand to the
Commissioner under sentence six of 42 U.S.C. § 405(g), but only if: (1) the evidence is "new and
not merely cumulative of what is already in the record" and (2) material; and (3) the claimant
shows that there was good cause for not previously presenting the evidence to the ALJ.  Szubak
v. Sec. of Health and Human Servs., 745 F.2d 831, 833 (3d Cir. 1984); 42 U.S.C. § 405(g);

---

[1] All numbered paragraph references to the ALJ's decision begin with the first full paragraph on each page.

Fisher v. Massanari, 28 Fed. Appx. 158, 159 (3d Cir. 2002) (citing Matthews v. Apfel, 239 F.3d 589, 593 (3d Cir. 2001)). The Supreme Court stated that a sixth sentence remand is "appropriate when the district court learns of evidence not in existence or available to the claimant at the time of the administrative proceeding that might have changed the outcome of that proceeding." Sullivan v. Finkelstein, 496 U.S. 617, 626 (1990). "An implicit materiality requirement is that the new evidence relate to the time period for which benefits were denied." Raglin v. Massanari, 39 Fed. Appx. 777, 781 (3d Cir. 2002) (quoting Szubak, 745 F.2d at 833).

Although Marable submits several pieces of evidence which he contends meet the sentence six requirements, I find it necessary to only remark on two: (1) A letter generated after the ALJ's decision from Dr. Anaf Hadeh of the Drexel Pulmonary Associates; and (2) a pulmonary function test ("PFT") dated August 27, 2009. (Tr. 416; 417-18). Both of these items are new as they were not generated until after the decision of the ALJ.

Both of these items are material as well. The letter from Dr. Hadeh states his opinion that Marable demonstrated acceptable effort during the August 27, 2009 PFT and also during an April 2, 2007 PFT.[2] See (Tr. 417-18; 423-24). This opinion is material because it calls into question the conclusion reached by the ALJ that Marable had exercised sub-optimal effort during certain other PFTs, a conclusion the ALJ relied on when determining that Marable did not meet or equal the COPD listing. (Tr. 32 ¶ 5). All of Marable's PFTs show similar serious pulmonary limitations, including the August 27, 2009 PFT. See (Tr. 203-05; 389-91; 405-410; 417-18; 423-24). Therefore, although the August 27, 2009 PFT was generated after the date of the ALJ's decision, its similar results to the other PFTs show that it relates to the time period at issue, does not demonstrate an exacerbation of his condition, and is material.

Finally, Marable has demonstrated good cause for failing to provide this evidence earlier. It was unknowable prior to the ALJ's decision that he would reject the submitted PFTs based in part on a conclusion that Marable did not provide optimal effort during the tests. This evidence aids in, *inter alia*, defending against this claim and could have changed the outcome of the proceeding. As a result, on remand, the ALJ shall consider all available relevant evidence regarding Marable's impairments.

4.    While this case is not being remanded pursuant to sentence four of 42 U.S.C. § 405(g) and, thus, I am not entering a judgment affirming, modifying or reversing the decision of the ALJ, I find it necessary to address one further issue. It is axiomatic that in a hypothetical to a vocational expert ("VE"), when incorporating mental limitations such as Marable's moderate limitations in concentration, persistence and pace, it is insufficient to merely state that the hypothetical claimant is limited to "simple repetitive one, two-step tasks" as "the reference to simple tasks [does] not 'specifically convey' the claimant's intellectual limitations and that 'greater specificity' [is] required." Ramirez v. Barnhart, 372 F.3d 546, 552 (3d Cir. 2004) (citing Burns v. Barnhart, 312 F.3d 113, 122 (3d Cir. 2002)).

---

[2] The record before the ALJ did not contain the April 2, 2007 PFT.

In this case, the ALJ, in his RFC assessment and in the hypothetical to the VE, limited the hypothetical claimant to, *inter alia*, "performing just simple, routine tasks, secondary to a moderate, which is more than mild but lest than marked, limitation in concentration, persistence and pace." (Tr. 35 Finding 5; 88). The ALJ has added slightly more to the equation by explicitly connecting the simple routine task limitation to the moderate limitation in concentration, persistence and pace. Nonetheless, while I make no official conclusion regarding this limitation, I am not convinced that the limitation in the hypothetical "specifically conveys" Marable's relevant mental limitations as required by the Third Circuit. On remand, I strongly encourage the ALJ to incorporate into any future hypothetical and RFC assessment more detailed restrictions arising from Marable's limitation in concentration, persistence and pace.

5.    As a result of the new material evidence in this case, a sentence six remand is required. An appropriate Order follows.